IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 89-152 |
| | ) | See Civil Action No. 11-995 |
| RAYMOND E. WASHINGTON, | ) | |
| | ) | |
| Defendant/petitioner. | ) | |

O R D E R

AND NOW, this 30th day of August, 2011, upon consideration of Petitioner's pro se "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Doc. No. 278) filed in the above captioned matter on August 2, 2011,

IT IS HEREBY ORDERED that said Motion is DENIED.

The present motion is not a model of clarity. First and foremost, Petitioner does not clearly articulate the jurisdictional basis for his motion. Although it is titled as a motion pursuant to 28 U.S.C. § 2255, Petitioner also, in the pages attached in support of the motion, identifies his motion as a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. He therefore appears to raise the same issue via two separate legal vehicles.

Further, the relief he seeks is a bit unclear. He requests that the Court order the United States Bureau of Prisons ("BOP") to reduce his sentence for completing the residential drug

1

abuse treatment program at FCI-Fairton. Petitioner states that he completed this program in 2004 while he was serving his original sentence in this case. As the Court has explained many times in regard to Petitioner's prior attempts to collaterally attack his sentence, Petitioner is no longer serving the sentence of imprisonment originally imposed; his original term of imprisonment of 210 months at each of Counts One, Two, and Three, to be served concurrently, ended on February 1, 2005. He is now serving a sentence of imprisonment for violating the terms of his supervised release of 41 months, consisting of a term of imprisonment of 24 months at each of Counts One and Two, to be served concurrently, and a term of imprisonment of 17 months at Count Three, to be served consecutively to the terms imposed at Counts One and Two. Accordingly, it is not clear as to which sentence - his original sentence or his supervised release sentence - he seeks relief. To complicate things further, he also seeks, in the alternative, for the Court to order the BOP to allow him to participate in the residential drug abuse treatment program.

To the extent that Petitioner is seeking a reduction in regard to his original sentence, he has raised this argument on multiple occasions before to no avail. On April 20, 2005, at Case No. 03-6059, the United States District Court for the District of New Jersey denied as moot a petition raising this exact issue because Petitioner was no longer in custody. Further, this Court,

on January 18, 2011, at Case No. 10-762, issued an Order denying Petitioner's Section 2241 petition setting forth the same argument.[1] In the January 18 Order, the Court explained that, because he has already served his original sentence, and because the collateral consequences doctrine does not apply, the claim is moot as to his original sentence. Accordingly, Petitioner is entitled to no relief pursuant to Section 2241 as to his original sentence.[2]

It is not at all clear whether Petitioner's argument can be construed as an argument that his supervised release sentence

---

[1] The Court explained in its January 18 Order that this argument was properly filed pursuant to a Section 2241 petition. A petition filed pursuant to Section 2241, "generally challenges the *execution* of a federal prisoner's sentence," rather than the sentence itself. See Daley v. Federal Bureau of Prisons, 192 Fed. Appx. 106, 109 (3d Cir. 2006) (quoting Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001))(emphasis in original). See also Burkey v. Marberry, 556 F.3d 142 (3d Cir. 2009). A motion pursuant to Section 2255, on the other hand, is the presumptive means for a federal prisoner to challenge his or her sentence itself. See Hazard v. Samuels, 206 Fed. Appx. 234, 236 (3d Cir. 2006); Shelton v. United States, 201 Fed. Appx. 123, 124 (3d Cir. 2006); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Petitioner, in challenging the actions of the BOP in administering his sentence, is clearly challenging the execution of his sentence, and this motion, therefore, also is properly treated as one under Section 2241.

[2] Regardless, even if Petitioner's motion were to be construed as one under Section 2255, it is grossly untimely pursuant to 28 U.S.C. § 2255(f), and it is a successive petition (indeed Petitioner has filed numerous prior collateral attacks to his conviction and sentence), and he has not obtained the requisite certification from the Third Circuit Court of Appeals pursuant to 18 U.S.C. § 2255(h) to file any successive motions.

should be reduced as a result of his completion of the residential drug abuse treatment program. Petitioner claims that he completed the drug treatment program in 2004 while serving his original sentence, not during the sentence imposed for his supervised release violation. He in no way provides any argument as to why completion of any such program would impact his supervised release sentence. As such, there are no grounds under Section 2241 for adjusting the sentence of imprisonment Petitioner is currently serving for his supervised release violations.[3]

As to Petitioner's alternative request for an order allowing him to participate in the BOP's residential drug abuse treatment program, it is the Court's understanding, based on discussions with the probation office, that Petitioner is currently under consideration for this program. It appears, therefore, that Petitioner's argument is premature. Accordingly, although the Court denies this alternative relief, it will do so without prejudice to Petitioner's right to raise whatever issues he is entitled to raise regarding assignment to this program at the appropriate time.[4]

---

[3] Likewise, were the Court to construe this motion as one under Section 2255, it is untimely pursuant to Section 2255(f), and it is a successive petition (see Doc. No. 253), and he has not obtained the requisite certification from the Third Circuit pursuant to Section 2255(h) to file any successive motions.

[4] The denial of the remainder of the motion is with

4

Therefore, Petitioner's motion is denied. Moreover, to the extent Petitioner's motion can be construed as one under Section 2255, it is untimely, and, in any event, he has not obtained the requisite certification from the Third Circuit Court of Appeals to file any successive Section 2255 motions. Accordingly, this Court does not reach the merits of Petitioner's claims under Section 2255, and there would be no basis for issuing a certificate of appealability, as Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[5]

                                              s/Alan N. Bloch
                                              United States District Judge

ecf:       Counsel of record

cc:        Raymond E. Washington
            #03625-068
            FCI McKean
            P.O. Box 8000
            Bradford, PA 16701

---

prejudice.

5    The Court notes that Petitioner seeks to proceed In Forma Pauperis. As there is no filing fee associated with motion, and as the motion is denied, this request becomes moot.